# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| David Allen Moon, | ) | |
| | ) | Civil Action No.: 1:20-cv-01184-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 15, 2021. (ECF No. 30.) The Report addresses Plaintiff David Moon's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further proceedings. (ECF No. 30 at 53.) The Commissioner filed an Objection to the Magistrate Judge's Report. (ECF No. 32) and Plaintiff filed a Reply to the Commissioner's Objections (ECF No. 33). For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 30) and incorporates it herein, **REVERSES** the Commissioner's decision, and **REMANDS** the action under § 405(g) of the Social Security Act for further review consistent with this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

The Report sets forth in detail the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 30 at 1-36.) As brief background, Plaintiff filed an application for disability benefits on September 8, 2016, which was denied initially and on reconsideration. (*Id.* at 2.) An administrative law judge ("ALJ") determined, on February 19, 2019, that Plaintiff was not disabled as defined under the Social Security Act, as amended, and not entitled to benefits. (*Id.*)

More specifically, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus; cervical impairment; shoulder pain; follicular lymphoma; sternal fracture. (*Id.* at 31; ECF No. 14-1 at 17.) The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) except lift 20 pounds frequently, occasionally climb ropes, ladders, and scaffolds; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequent[ly reach] overhead; avoid concentrated exposure to hazards, temperature extremes, and vibrations. (ECF No. 30 at 31-32; ECF No. 14-1 at 19-20.) The ALJ also found that Plaintiff is "unable to perform any past relevant work." (ECF No. 30 at 32; ECF No. 14-1 at 26.)

In reaching this determination, the ALJ gave "little weight" to letters written by Dr. Abutalib and Dr. Haider ("Doctors"), Plaintiff's treating oncologists. (ECF No. 30 at 41; ECF No. 14-1 at 22-23.) The Doctors' letters opined that Plaintiff was being monitored for his Follicular Lymphoma following several months of chemotherapy. (ECF No. 30 at 37-38.) The Doctors explained that Plaintiff had a terminal diagnosis and would "require ongoing chemotherapy over the next several years." (*Id.* at 37 (citing ECF No. 14-1 at 735).) They stated long term side effects of chemotherapy may include nausea, vomiting, diarrhea, infection, bleeding, short-term memory loss, activity intolerance, and chronic fatigue. (ECF No. 30 at 37), and that Follicular Lymphoma

may produce the same side effects, in addition to "swelling of the extremities, weight loss, night sweats, and extreme fatigue." (*Id.*) Both doctors indicated Plaintiff's medical records should be consulted regarding his specific side effects. (*Id.*) Both doctors added these side effects "would make it unsafe for [Plaintiff] to work while undergoing treatment." (*Id.*) The ALJ afforded little weight to these opinions expressed by Dr. Abutalib and Dr. Haider, stating the letters only noted side effects that "'may' occur, with nothing specific to the claimant's situation." (*Id.* at 41.)

After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [he could] perform." (ECF No. 30 at 32.) On this basis, the ALJ denied disability benefits to Plaintiff because he was not disabled for purposes of the Social Security Act ("the Act"). (*Id.*)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on February 4, 2020. (ECF No. 14-1 at 5.) Thus, the ALJ's decision became the final decision of the Commissioner. (ECF No. 30 at 2.) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on March 26, 2020. (ECF No. 1.)

In the Report, the Magistrate Judge concluded the ALJ erred when he determined that "Drs. Abutalib's and Haider's statements as to side effects were general assessments, despite their indications that Plaintiff's records should be consulted for the specified side effects." (ECF No. 30 at 42.) The Magistrate Judge found the ALJ did not address evidence on the record that was "arguably consistent" with the Doctors' opinions regarding side effects of Plaintiff's treatment and

3

his resulting limitations. (*Id.*) With respect to the ALJ's RFC determination, the Magistrate Judge determined the ALJ similarly "did not consider all the evidence (*Id*. at 50) and did not explain how certain severe findings on the record were accommodated by the RFC assessment for "lifting 50 pounds occasionally and 20 pounds frequently" (*Id*. at 51). Concluding that this error required the matter to be remanded for further consideration, the Magistrate Judge did not address Plaintiff's remaining allegations of error. (*Id*. at 52-53.) The Report ultimately recommended that the court reverse the Commissioner's decision and remand the matter for additional administrative proceedings. (*Id*. at 53.)

The parties were apprised of their opportunity to file specific objections to the Report on April 15, 2021. (*Id.* at 55.) On April 20, 2021, Plaintiff filed a supplemental brief asking this court to reverse the ALJ's decision without remand and order the Agency to pay Plaintiff's benefits. (ECF No. 31.) On April 27, 2021, the Commissioner filed an Objection to the Report (ECF No. 32.) On May 10, 2021, Plaintiff replied to the Commissioner's Objection. (ECF No. 33.) Plaintiff requests the court adopt the Magistrate Judge's Report but award the case "outright," without remand for further proceedings. (*Id*. at 8-9.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part,

4

the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

The Commissioner makes three objections to the Magistrate Judge's Report. (ECF No. 32 at 1-18.) First, the Commissioner argues the ALJ did not err in affording little weight to the medical opinions of Dr. Abutalib and Dr. Haider. (*Id.* at 2-4.) Second, the Commissioner alleges the ALJ properly "surveyed and evaluated" the medical evidence and reasonably formulated Plaintiff's RFC (*Id.* at 4-5.) And lastly, the Commissioner maintains that even if the ALJ's decision is not supported by substantial medical evidence, the proper remedy is remand. (*Id.* at 5-6.)

Plaintiff maintains (1) the Magistrate Judge correctly found the ALJ's decision to accord little weight to the opinions of Dr. Abutalib and Dr. Haider erroneous considering substantial evidence on the record (ECF No. 33 at 2); (2) the Magistrate Judge correctly determined substantial evidence does not support the ALJ's assessment of an RFC for medium work" (*Id.* at 6-7); and (3) the Appeals Council's failure to consider additional medical evidence submitted to it was reversible error (*Id.* at 7-9). The court will consider these objections in turn.

### 1. The Doctors' Medical Opinions

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-cv-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that the Commissioner's Objections on this issue restate arguments adequately addressed by the Report. (*See* ECF No. 26 at 12-16.) Like the Commissioner's Objections, the Commissioner's Brief argues the ALJ properly accorded little weight to the medical opinions of Dr. Abutalib and Dr. Haider because the opinions were "vague

6

and did not indicate any symptoms actually experienced by Plaintiff" nor the "specific functional limitations he experienced as a result." (*Id*. at 13-14.)

To the extent the Commissioner argues the ALJ's decision thoroughly considered Plaintiff's medical records for reports of side effects, the court rejects the Commissioner's objection. While the ALJ's decision indicates "he was aware that Plaintiff complained of fatigue" (ECF No. 32 at 3), mere awareness of a substantial side effect of both Plaintiff's cancer and Plaintiff's cancer treatment does not sufficiently support the ALJ's very brief analysis regarding the opinions of Plaintiff's treating oncologists. As the Magistrate Judge correctly notes, Plaintiff's records are rife with reports of extreme and chronic fatigue, documented by multiple treating professionals and Plaintiff's own testimony. (ECF No. 30 at 42-45.) The ALJ glossed over these reports in his dismissive evaluation of the Doctors' opinions. (ECF No. 14-1 at 22.) Regardless of his general "awareness" of Plaintiff's medical symptoms, the ALJ's discussion did not provide "specific reasons for the weight given to the treating source's medical opinion supported by evidence in the case record" that is "sufficiently specific to make clear . . . the reason for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). Indeed, the only evidence the ALJ actually cites for this determination are treatment notes from Dr. Haider's practice which purportedly indicate Plaintiff had "no known precautions/limitations" and "no weight bearing restrictions" (ECF No. 30 at 42 (citing ECF No. 14-1 at 735-36).) However, the same treatment notes indicate "reduced ROM in Plaintiff's neck and shoulders and reduced muscle strength" (*Id*.) which the ALJ did not consider. Moreover, the ALJ fails to mention any reports of fatigue in his discussion *of this issue*. (ECF No. 14-1 at 23.) The regulations require the ALJ to consider the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c). But here, the ALJ

omitted substantial reports of fatigue consistent with the Doctors' opinion letters from his evaluation. The Commissioner's objection is therefore unjustified on this ground.

The Magistrate Judge correctly determines the ALJ similarly failed to account for the Doctors' specialization in weighting their medical opinions. (ECF No. 30 at 44.) The Commissioner's objection stating the ALJ was "certainly aware that Plaintiff's care providers had administered treatment in connection with his lymphoma" falls short of the requirements of 20 C.F.R. § 404.1527(c) to "give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty." *See* 20 C.F.R. § 404.1527(c).

Finally, the Commissioner objects that "the significance of a hypothetical decision to afford greater weight to these three opinions is not entirely clear." But the Magistrate Judge's Report squarely addresses this issue. While statements from a medical source that the claimant is "unable to work" need not be accorded special weight or significance (ECF No. 30 at 40 (citing 20 C.F.R. 494.1527(d)(3)), these opinions "must never be ignored" (*Id.* (citing SSR 96.5p, 1996 WL 374183, at *3)). The ALJ's failure to account for reports of fatigue and weakness that permeate Plaintiff's medical history therefore improperly discounts the Doctors' opinion regarding Plaintiff's ability to work given his ongoing treatment for terminal cancer. The court thus accepts the Report on this ground and remands the action for further administrative proceedings.

## 2. Determining Plaintiff's RFC

On this issue, the Commissioner objects the ALJ's RFC determination was reasonable in light of the record. (ECF No. 32 at 4-5.) The Commissioner argues the ALJ's discussion of Plaintiff's daily activities did not drive the ALJ's determination but was merely relevant to it. (*Id.* at 5.) Here too, the court concludes that the Commissioner's objections on this issue are effectively addressed by the Magistrate Judge's thorough analysis. A *de novo* review is thus unnecessary

because the Commissioner has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear the Commissioner's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses the Commissioner's Objections, is well-reasoned, and properly analyzes the issues raised by the Commissioner. See *Fray v. Berryhill*, C/A No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result").

To the extent the Commissioner argues the ALJ's evaluation of Plaintiff's daily activities were not dispositive to the determination whether Plaintiff could work," the court concludes this objection misses the mark. The Magistrate Judge's recommendation on this ground was founded on the ALJ's failure to properly connect the evidence on the record to his conclusions regarding Plaintiff's RFC, not simply the ALJ's reference to Plaintiff's daily activities.

An ALJ "must include 'a narrative discussion describing how the evidence supports' his 'explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations.'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016)). In *Thomas v. Berryhill*, the United States Court of Appeals for the Fourth Circuit explained "that a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The logical explanation component, "is just as important as the other two." *Id.* Specifically, the United States Court of Appeals for the Fourth Circuit "makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.* (citing *Woods*, 888 F.3d at 694). In essence, the ALJ

must logically connect the medical evidence to his conclusions. *See Dowell v. Colvin*, C/A No. 1:12-cv-1006, 2015 WL 1524767, at *4 (M.D.N.C. Apr. 2, 2015). In doing so, the ALJ is not required to "specifically refer to every piece of evidence in her decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Nonetheless, the ALJ's RFC determination "warrants some explanation." *Thomas*, 916 F.3d at 312.

This explanation is of critical importance in a case where the "distinction between whether Plaintiff could perform medium, light, or sedentary work" (ECF No. 30 at 49) would have "directed a finding of 'disabled'" under the Medical-Vocational Guidelines (*Id*. at 49-50). The ALJ's failure to account for medical evidence including "severe changes in Plaintiff's cervical spine that caused encroachment on the neural foramina" (*Id*. at 51) and "restrictions imposed by arthritis in Plaintiff's neck and impairment [in] his shoulders" (*Id*.) led the Magistrate Judge to properly conclude "substantial evidence does not support the ALJ's assessment of an RFC for medium work." (*Id*. at 52). The court agrees with this recommendation and holds the Report correctly found that the ALJ did not adequately explain his conclusions based on the medical evidence. The court thus accepts the Report on this ground.

### 3. Additional Evidence Submitted to the Appeals Council

The Magistrate Judge's report declined to consider Plaintiff's objection that the Appeals Council improperly failed to consider relevant evidence "given the recommendation for remand." The court need not issue findings about Plaintiff's objection, because the ALJ will oversee new administrative proceedings and based on the entire record, including the evidence submitted to the Appeals Council. *See Toney v. Berryhill*, C/A No. 9:17-cv-00080, 2018 WL 4090630, at *5 n.5 (D.S.C. Aug. 28, 2018) ("Because the court has determined remand to be appropriate for these reasons, the court declines to address [claimant's] other objections to the Report.") The court

agrees with this recommendation and instructs the ALJ to consider all relevant evidence for the period at issue on remand.

**4. Plaintiff's Request to Award Damages Outright**

If a reviewing court finds the ALJ's determination is not supported by substantial evidence, sentence four of § 405(g) permits a court to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405). The proper course of action in cases where "the record before the agency does not support the agency action" is remand for additional administrative proceedings. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The United States Supreme Court has recognized that under this "ordinary remand requirement," "[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.; see also Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (citations and internal marks omitted). The court accepts the Commissioner's objection on this ground. The court thus remands the action to the Social Security Administration for further proceedings consistent with this order.

## IV. CONCLUSION

After a thorough review of the Commissioner's Objections (ECF No. 32), Plaintiff's Reply (ECF No. 33) and the Magistrate Judge's Report (ECF No. 30), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 30), **REVERSES** the Commissioner's decision and **REMANDS** the action under sentence four of § 405(g) of the Social Security Act for further review consistent with this order.

**IT IS SO ORDERED.**

United States District Judge

August 27, 2021
Columbia, South Carolina

12